OPINION
{¶ 1} Defendant-appellant, Richard Robinson, appeals the decision of the Butler County Court of Common Pleas convicting him of felonious assault, a second-degree felony. We affirm the trial court's judgment, but reverse and remand the case for resentencing.
 {¶ 2} On October 26, 2004, Albert Lovins was in Lucky's Bar in Hamilton drinking for most of the day. At 8:00 p.m., bartender Robin Creech instructed Lovins to leave the bar after Lovins was slapped by a female patron for making a physical advance. According to Creech, Lovins was visibly intoxicated as he stumbled out of the bar.
 {¶ 3} Around 10:30 p.m., appellant entered the bar. Shortly thereafter, Lovins returned and sat at the opposite end of the bar from appellant. The men began to yell at one another and Creech testified that she had to come out from behind the bar multiple times to prevent a confrontation. To settle the situation, Creech bought Lovins a beer with money from her tip jar, but told him he must leave after drinking it. Lovins consumed the beer and Creech escorted him from the bar.
 {¶ 4} Lovins walked towards a friend's house nearby, seeking a ride home to the west side of Hamilton. When his friend did not answer the door, Lovins began to walk towards his brother's house on Vine Street.
 {¶ 5} Shortly after Lovins' departure, appellant testified that he left the bar to walk to his home also located on Vine Street. Testimony from appellant's neighbors revealed that around 11:20 p.m. Lovins and appellant confronted each other in front of appellant's house. The men were heard yelling loudly at each other. According to one witness, the confrontation became physical when appellant ran from the porch and struck Lovins in the head with a wooden fence post. Appellant then walked back inside his house leaving Lovins lying on the sidewalk.
 {¶ 6} Lovins was taken to the emergency room at Fort Hamilton Hospital then transferred to University Hospital in Cincinnati, where a neurosurgeon performed surgery and found that he suffered immediately life-threatening head injuries, including an intercranial hemorrhage and an epidural hematoma, due to blunt force trauma to the head. Lovins was later transferred to Drake hospital for rehabilitation. He was hospitalized for approximately three weeks for rehabilitation and suffered permanent loss of some brain and memory functions.
 {¶ 7} The Hamilton Police Department conducted an investigation. Appellant told the police that he hit Lovins with the post because Lovins kicked in his door, attempting to rob him. The police also questioned appellant's neighbors who witnessed the altercation. Appellant was arrested on November 11, 2004. He entered a plea of not guilty and a jury trial commenced on September 20, 2005.
 {¶ 8} At the conclusion of the two-day trial, the jury found appellant guilty of felonious assault in violation of R.C.2903.11(A)(1). Appellant was sentenced to seven years in prison. At the time of appellant's conviction for felonious assault, appellant was on probation for an attempted robbery that occurred pre-Senate Bill 2. In June 2000, appellant was sentenced to a suspended term of three to ten years in prison for the attempted robbery and placed on probation for five years. Appellant's conviction for felonious assault resulted in a probation violation; the judge revoked the probation, imposed the suspended sentence and ordered the sentences be served consecutively. Appellant timely appealed, raising three assignments of error.
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "THE JURY FINDINGS OF GUILTY WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 11} Appellant argues that the "jury clearly lost its way in finding appellant guilty of felonious assault" because the jury did not take into account witness bias and disregarded appellant's self-defense testimony.
 {¶ 12} In considering a manifest weight of the evidence challenge, an appellate court reviews the entire record, weighing the evidence and all reasonable inferences that can be drawn from it, and considers the credibility of witnesses, to determine whether in resolving conflicts in the evidence, "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, quoting State v. Martin (1983),20 Ohio App.3d 172.
 {¶ 13} In reviewing a manifest weight of the evidence claim, an appellate court is obligated to consider the credibility of the witnesses and the weight to be given the evidence presented. Id. However, these issues are primarily matters for the trier of fact to decide since the trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 14} Appellant claims the jury clearly lost its way by disregarding his self-defense testimony and giving weight to the biased testimony presented by the prosecution. He further argues that the testimony of the only witness to see appellant strike Albert Lovins should be discredited since she is Lovins' sister. After considering the credibility of the witnesses and weighing the evidence, we find appellant's arguments unpersuasive.
 {¶ 15} At trial, Lovins testified, but had trouble recalling the events of October 26, 2004 because of chronic memory loss due to his injury. However, Lovins did remember drinking at Lucky's and wanting to "kick [appellant's] ass" because appellant had previously beaten him up. Lovins, though, testified that he never threatened or attempted to attack appellant. He recalled walking on the sidewalk towards his brother's house, being blindsided by appellant, falling to the ground and not being able to get up.
 {¶ 16} Mary Beth Goins, appellant's next door neighbor and the victim's sister, testified that she was awake in her upstairs bedroom when she heard appellant yell "get the fuck off the porch." She looked out her window and saw appellant run from his porch towards Lovins, who was standing on the sidewalk, and strike Lovins in the head with a bat. Mrs. Goins immediately called 9-1-1, stating that she believed appellant killed the individual. Mrs. Goins testified that she did not realize the victim was her brother until after the ambulance arrived.
 {¶ 17} Her husband, Clarence Goins, testified that he was sleeping in his upstairs bedroom and woke up when he heard the men yelling outside. He heard appellant say, "I'm not no bitch; you're the bitch," followed by a loud smack. He observed appellant walk away from the victim lying on the sidewalk and back into his house. Mr. Goins went outside where he realized that the victim was his brother-in-law, Albert Lovins. He helped Lovins to his feet and assisted him before the ambulance arrived.
 {¶ 18} Stephanie Lakes testified that she that lives across the street from appellant and was watching a baseball game when she heard yelling coming from appellant's house. Appellant's cousin is the father of Ms. Lakes' child. She looked out the window to see appellant pointing a club-like object and yelling "get down the street, motherfucker." She did not see appellant strike Lovins because her view was obstructed by a van parked in front of the house, but did witness him wave the club-like object and walk back inside the house.
 {¶ 19} Appellant testified and claimed he hit Lovins in self-defense. He admitted that he had lied to the police when he told them that Lovins kicked down his front door and attempted to rob him that night. Appellant testified instead that Lovins approached him on his way home from the bar, and tried to pick a fight. He stated they yelled back-and-forth at each other from across the street until they got to appellant's house. Then he claimed Lovins walked across the street and got in his face while both men were standing near the sidewalk. Appellant testified Lovins then reached his hand behind his back and because he believed Lovins had a weapon, appellant hit him with the fence post.
 {¶ 20} After hearing all of the evidence, the jury concluded appellant committed felonious assault. Felonious assault under R.C. 2903.11(A) states, "No person shall knowingly * * * cause serious physical harm to another." "Serious physical harm" includes any harm that may cause a substantial risk of death, a condition that would require hospitalization, a condition that results in permanent incapacity or disfigurement, or harm that involves substantial suffering. R.C. 2901.01(A)(5).
 {¶ 21} Appellant argues the jury lost its way by not accounting for witness bias, especially because Mrs. Goins was the victim's sister. He further claims this relationship creates greater bias because Mrs. Goins was the only witness who saw appellant strike Lovins. Appellant also argues that the jury disregarded Albert Lovins testimony that he wanted to "kick [appellant's] ass" and Lovins' admission that he was intoxicated that day. Finally, appellant contends the jury disregarded his self-defense testimony.
 {¶ 22} We have discussed much of the evidence presented regarding appellant's conduct that night. Appellant's credibility in testifying in his own defense was a key issue, and he admitted that he intentionally misled the police during their investigation of the incident. It was not against the manifest weight of the evidence for the jury to conclude appellant did not act in self-defense. Likewise, it was not against the weight of the evidence for the jury to credit the testimony of Mrs. Goins because her testimony was consistent with the other two witnesses.
 {¶ 23} Great deference must be given to the trier of fact because it is in the best position to weigh the evidence and assess the credibility of the witnesses. DeHass,10 Ohio St.2d 230. By its verdict, the jury rejected appellant's arguments, finding that appellant committed felonious assault. Credible evidence was presented whereby the jury could reasonably find that appellant committed the assault and did not act in self-defense. The jury clearly did not lose its way and create such a manifest miscarriage of justice that the conviction should be reversed and a new trial ordered. Appellant's first assignment of error is overruled.
 {¶ 24} Assignment of Error No. 2:
 {¶ 25} "THE TRIAL COURT ERRED IN IMPOSING A PRISON TERM THAT EXCEEDED THE SHORTEST PRISON TERM AUTHORIZED FOR THE OFFENSE."
 {¶ 26} Assignment of Error No. 3:
 {¶ 27} "THE TRIAL COURT ERRED IN IMPOSING A CONSECUTIVE PRISON TERM."
 {¶ 28} Appellant requests in his second and third assignments of error that his sentence be vacated and remanded for resentencing. Specifically, he argues the sentence is unconstitutional under State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, because he was given a consecutive sentence pursuant to R.C. 2929.14(E)(4) and a sentence that exceeds the minimum term for felonious assault pursuant to R.C. 2929.14(B). Appellant received a seven-year prison term; the minimum term for felonious assault is two years. R.C. 2929.14(A)(2).
 {¶ 29} In Foster, the Ohio Supreme Court held that portions of Ohio's statutory sentencing scheme are unconstitutional.Foster at ¶ 83, 97-99. Among the statutes found unconstitutional were R.C. 2929.14(B) and 2929.19(E)(2), concerning the imposition of consecutive prison terms and more than a minimum prison term. Id. at ¶ 61, ¶ 67. The Foster court severed these sections from the sentencing code and instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Id. at ¶ 104. With respect to appellant's felonious assault conviction, the trial court utilized R.C. 2929.14(B) to impose a nonminimum sentence and R.C. 2929(E)(4) to impose a consecutive sentence. Accordingly, we must vacate the sentence imposed on appellant's felonious assault conviction, and remand this case for resentencing consistent withFoster.
 {¶ 30} Appellant's second and third assignments of error are sustained.
 {¶ 31} Judgment of the trial court is affirmed as to the conviction, but reversed as to sentencing on appellant's felonious assault conviction, and the case is remanded for resentencing.
Powell, P.J., and Young, J., concur.